UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:16CV-P439-CRS

**BRIAN HEADD**  **PLAINTIFF**

v.

**HARDIN COUNTY DETENTION CENTER** *et al.*  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brian Headd filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. Plaintiff filed his complaint on the Court-approved prisoner § 1983 complaint form. Subsequently, he filed amended complaint (DN 7) on the Court's general complaint form, which the Court construes as a motion to amend the complaint and **GRANTS** the motion (DN 7). *See* Fed. R. Civ. P. 15(a).

The complaint and amended complaint are before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

**I.**

Plaintiff is a convicted inmate at the Hardin County Detention Center (HCDC). He sues the HCDC; HCDC Jailer Danny Allen; Lt. Reynolds, whom Plaintiff identifies as the "Head of Operations" at HCDC; and Corporal Templeman, whom Plaintiff identifies as the "Head of R.C." at HCDC. He sues Defendants Allen, Reynolds, and Templeman in their official capacities only.

Plaintiff asserts that Defendant Allen "is allowing his staff to run this jail in a illegal capacity by mixing convicted state inmates with county inmates wich indangers the healt and safty of either one." He also states, "There are inmates allowed to be with genral population of

convicted state and pretrial detainees by medical and operations staff with self admitted dangerous comunical desieses wich may not only harm the inmate but could harm the family of such inmate by accidental contraction of such desiese." (Emphasis by Plaintiff omitted.)

Plaintiff further maintains that HCDC "wich runs a Class 'D' program state and federaly run does not abide by regulation implemented by such agencies." He states, "If an inmate is to be disciplined than such inmate should be aloud to see a disciplinary board with a staff member and/or paralegal inmate to see charges against such individual and to plead case not just placed on county side and not get a final disposistion."

Plaintiff also contends that "all inmates a supposed to be allowed to use a law library not just be allowed to send a request for it not be brought to library now individuals are placed in a position to take bogus plea agreement without the benefit of prepaing/and weighing options." He also states, "We are not able to file such forms such a post conviction reliefe by ineffective counsle."

In the amended complaint, Plaintiff states, "In June 7th day 2016 was brought to county side for violation of contraband without a court call seemed to affect time or detention center said may affect classification even though county inmate doing county time." He also maintains, "Operations allowing self admitted communical desiessed inmat H.I.V. in with pre-trial pod's endangering not only inmate but familys of inmates." Plaintiff also states, "Placing state inmates of floor in boats. Placing state inmates in pre-trial pod's wich can affect outcome of such individual were as county inmate goes home no matter what."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "post conviction relief" and transfer out of HCDC.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

3

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff brings this action under § 1983. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendant HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). The claim against HCDC is actually brought against Hardin County. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

Moreover, official-capacity claims "'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Defendants Allen, Reynolds, and Templeman are also actually brought against Hardin County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first examine whether the complaint and amended complaint allege a constitutional violation.

*Housing of inmates*

Plaintiff claims that state and county inmates are being housed together which "indangers the healt and safty of either one." He also complains that inmates with communicable diseases, specifically HIV, are being housed in the general population, which he claims could cause harm to other inmates and their families.

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson*

5

*v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

With regard to Plaintiff's claim that state and county inmates are housed together, while state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility or a particular part of the facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility). Therefore, Plaintiff cannot state a cognizable § 1983 claim based generally on being a state inmate housed with county inmates.

Moreover, Plaintiff's allegation that being housed with county inmates endangers his health or safety is purely speculative since he does not state that he has suffered any actual harm. "A speculative injury does not vest a plaintiff with standing." *King v. Deskins*, No. 99-6381, 2000 U.S. App. LEXIS 19509, at *2 (6th Cir. Aug. 8, 2000). Further, Plaintiff may not recover damages for a mental or emotional injury without a showing of physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ."). Therefore, Plaintiff's claim that he was housed with county inmates must be dismissed for failure to state a claim upon which relief may be granted.

For the same reasons, Plaintiff's claim alleging that inmates with communicable diseases are being housed in general population also fails. He states no physical injury or actual harm; any harm is purely speculative. § 1997e(e). In fact, the complaint and amended complaint are

6

not even clear whether Plaintiff himself was housed in a cell with an inmate with a communicable disease. Accordingly, this claim will also be dismissed for failure to state a claim.

Plaintiff also contends that he was brought to the "county side for violation of contraband without a court call seemed to affect time or detention center said may affect classification even though county inmate doing county time." As stated above, an inmate does not have a constitutional right to be housed in any particular facility or any part of a facility. *See Harbin-Bey v. Rutter*, 420 F.3d at 576; *Biliski v. Harborth*, 55 F.3d at 162. To the extent that Plaintiff states that it may "affect time or detention center said may affect classification," the Court is unable to discern what exactly Plaintiff is alleging, and he therefore fails to provide Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). It appears from the allegations, however, that any harm is only speculative.

Moreover, to the extent that Plaintiff claims that HCDC officials violated prison regulations in moving him to a county cell, failure of prison officials to follow regulations does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's allegation that he was moved to a cell housing county inmates without a hearing fails to state a claim and will be dismissed.

### *Placement of state inmates in "boats"*

Plaintiff also maintains that state inmates are placed on the floor in "boats." The Court construes this claim as alleging that Plaintiff had to sleep on a mat rather than a bed due to

7

overcrowding. "[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012). "'[E]xtreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Id*. (quoting *Hudson v. McMillian*, 503 U.S. at 9). Plaintiff has not alleged that sleeping on a mat "resulted in an unconstitutional denial of such basic needs as food, shelter, or sanitation." *Id*. Nor has he alleged that he suffered any injury as a result. 42 U.S.C. § 1997e(e). Therefore, this claim must also be dismissed.

*Law library*

Furthermore, Plaintiff states that inmates do not have access to a law library. While prisoners have a constitutional right of access to the courts under the First Amendment, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), the courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. at 351. Plaintiff states that some inmates are forced to take "bogus plea agreements" or forego post-conviction relief, but he fails to allege what actual injury or prejudice to a pending legal action that he himself suffered. Accordingly, Plaintiff's claim that he was denied access to a law library fails to state a constitutional violation, and this claim will be dismissed for failure to state a claim upon which relief may be granted.

## IV.

Because Plaintiff fails to state a constitutional claim, his claims against HCDC and official-capacity claims against Defendants Allen, Reynolds, and Templeman must be dismissed. The Court will dismiss the action by separate Order.

Date: December 15, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
4411.010

9